IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SHAQUAE MICHELLE HICKMAN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 24-cv-00584-LKG |
| ) | |
| v. ) | Dated: August 19, 2025 |
| ) | |
| TRANS UNION LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

**I.   INTRODUCTION**

The Plaintiff, Shaquae Michelle Hickman, has filed a motion seeking to recover $30,716.00 in attorneys' fees and $252.50 in costs from Defendant Trans Union LLC ("Trans Union"), after having accepted Trans Union's Offer of Judgment. ECF Nos. 37 and 39. Trans Union has filed a response in opposition to the Plaintiff's motion and it argues that the Plaintiff has not met her burden to show that all of the requested attorneys' fees are reasonable and recoverable in this case. ECF No. 42. No hearing is necessary to resolve the motion. *See* L. R. 105.6 (D. Md. 2025). For the reasons that follow, the Court: (1) **DENIES** the Plaintiff's motion for attorneys' fees **WITHOUT PREJUDICE** and (2) **DIRECTS** the Plaintiff to **FILE** any renewed motion for attorneys' fees and costs, consistent with this memorandum opinion, on or before **September 19, 2025**.

**II.   FACTUAL AND PROCEDURAL BACKGROUND**

In this civil action, the Plaintiff alleged that Trans Union and Defendant LVNV Funding LLC violated the Fair Credit Reporting Act ("FCRA"), 15 US.C. §§ 1681, *et seq*, by inaccurately reporting her consumer information. ECF No. 1. On November 8, 2024, the Plaintiff accepted Trans Union's Offer of Judgment, made pursuant to Fed. R. Civ. P. 68. *See* ECF No. 26. The Offer of Judgment is "in the amount of Sixty Thousand and 00/100 Dollars ($60,000.00) plus reasonable attorneys' fees and costs incurred by Plaintiff as to the claims against Trans Union prior to the date of this Offer of Judgment." ECF No. 26-1 at ¶ 1. And so, on January 27, 2025,

the Court entered an Amended Judgment in favor of the Plaintiff and against Trans Union in the amount of $60,000.  ECF No. 36.

On February 10, 2025, the Plaintiff filed a motion for attorneys' fees and costs   ECF No. 37.  On March 17, 2025, the Plaintiff filed a memorandum in support of the motion.  ECF No. 39.  In the motion, the Plaintiff seeks to recover $30,716.00 in attorneys' fees and $252.50 in costs from Trans Union.  ECF No. 39 at 1; ECF No. 39-1 at 9.  Trans Union filed a response in opposition to the Plaintiff's motion on March 28, 2025.  ECF No. 42.

### III.   LEGAL STANDARDS

#### A.  Attorneys' Fees

The United States Court of Appeals for the Fourth Circuit has explained that, under the lodestar method for calculating and awarding attorney fees, the Court multiplies the number of reasonable hours expended by a reasonable rate.  *Robinson v. Equifax Info. Servs*., LLC, 560 F.3d 235, 243-44 (4th Cir. 2009).   The burden is on the fee applicant to produce evidence establishing the reasonableness of their hourly rate and the reasonableness of their requested hours.  *McAfee v. Boczar*, 738 F.3d 81, 91 (4th Cir. 2013); *Robinson*, 560 F.3d at 244 (citation omitted); *Marsh v. Bottoms Up Gentlemen's Club, LLC*, No. CV EA-23-1157, 2025 WL 2049980, at *8 (D. Md. July 22, 2025) (citation omitted).

To ascertain what is reasonable in terms in terms of hours expended and the rate charged, the Court is bound to apply the following factors set forth in *Johnson v. Georgia Highway Express Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974), and adopted by the United States Court of Appeals for the Fourth Circuit in *Barber v. Kimbrell's In*c., 577 F.2d 216, 226 n. 28 (4th Cir. 1978):

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson*, 560 F.3d at 243-244 (quoting *Barber v. Kimbrell's In*c., 577 F.2d 216, 226 n. 28 (4th Cir. 1978)). The Court is not required to analyze each factor individually, or even examine every factor, but the Court may instead consider the factors as a whole. *Martin v. Mecklenburg Cnty.*, 151 Fed. Appx. 275, 283 (4th Cir. 2005).

IV.   ANALYSIS

A. **The Plaintiff Has Not Shown That The Requested Attorneys' Fees Are Reasonable**

As an initial matter, the Court observes that the Plaintiff's requested hourly rates for her counsel appears to be reasonable, because these rates are in line with the Consumer Law Attorney Fee Survey Report from 2017-2018, adjusted for inflation using the Consumer Price Index Inflation. *See* ECF No. 39-2; *Hutchison v. Lenders Portal Direct, LLC*, No. 4:17-CV-02456-RBH, 2018 WL 3241255, at *2 (D.S.C. July 3, 2018) (recognizing that courts in this circuit have utilized this fee survey in "determining the reasonableness of attorney fees in numerous other federal cases"); *Sullivan v. Sullivan*, 958 F.2d 574, 578 & n.6 (4th Cir. 1992) (holding that an increase in the statutorily prescribed rate for attorney's fees should be based on a general cost of living index and recognized that the Consumer Price Index is an appropriate tool to calculate the cost of living).[1] But, a careful review of the Plaintiff's motion, and the accompanying exhibits thereto shows that the Plaintiff has not met her burden to show that the requested fees in this case are reasonable and recoverable for several reasons. First, the Plaintiff seeks, but is not entitled to, certain attorneys' fees and costs that accrued after the date of the Offer of Judgment in this case. *See Grissom v. Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008); *Doe v. Odenton Volunteer Fire Co.*, No. CIV.A RDB-08-1281, 2009 WL 3418567, at *4 (D. Md. Oct. 20, 2009). Notably, the Plaintiff seeks to recover attorneys' fees in the amount of $5,760.00 that appear to have accrued after the Plaintiff accepted the Offer of Judgment on November 8, 2024. *See* ECF No. 39-1 at 8.

Second, the Plaintiff also improperly seeks to recover fees for purely administrative tasks, although "fees for time spent on purely administrative work, regardless of who performs that work, are not recoverable." *Butler v. PP&G, Inc.*, No. CV 20-3084-JRR, 2023 WL 6517593, at

---

[1] According to the Bureau of Labor Statistics' website, $300.00 in January 2017 has the same buying power as $392.45 in January 2025; $400.00 in January 2017 has the same buying power as $523.26 in January 2025; and $675.00 has the same buying power as $833.00 in January 2025. *See CPI Inflation Calculator*, Bureau of Labor Statistics, U.S. Dep't of Labor <http://www.bls.gov/data/inflation_calculator.htm> (last visited August 6, 2025).

*4 (D. Md. Oct. 5, 2023) (citation omitted); ECF No. 39-1. [2] In this regard, the Plaintiff seeks to recover attorneys' fees in the amount of $832.00 for tasks that are, at least in part, administrative. *See* ECF No. 39-1.

In addition, the Plaintiff has also not met her burden to provide sufficient information in support of certain billing entries. *See Robinson*, 560 F.3d at 243-244 (quoting *Barber v. Kimbrell's In*c., 577 F.2d 216, 226 n. 28 (4th Cir. 1978)). In this regard, the Plaintiff's Statement of Fees contains several time entries that appear to be duplicative. *See* ECF No. 39-1 at 5 and 8. Several other billing entries lack sufficient detail for the Court to determine if the amount of requested attorneys' fees are recoverable and reasonable. *See id*. at 3 and 7. Lastly, the Court observes that the Plaintiff's motion does not comply with Appendix B of the Court's Local Rules, which requires that the Plaintiff's fee application be submitted with time records organized by litigation phase. *See* L.R. App'x B.1 (D. Md. 2025).

## V.     CONCLUSION

In light of the foregoing concerns, the Court: (1) **DENIES** the Plaintiff's motion for attorneys' fees **WITHOUT PREJUDICE** and (2) **DIRECTS** the Plaintiff to **FILE** any renewed motion for attorneys' fees and costs, consistent with this memorandum opinion, on or before **September 19, 2025**. [3]

   **IT IS SO ORDERED.**

                                         s/ Lydia Kay Griggsby
                                         LYDIA KAY GRIGGSBY
                                         United States District Judge

---

[2] This Court has held that "clerical tasks include: (1) collating and filing documents with the court; (2) issuing summonses; (3) scanning, and mailing documents; (4) reviewing files for information; (5) printing pleadings and preparing sets of orders; (6) document organization; (7) creating notebooks or files and updating attorneys' calendars; (8) assembling binders; (9) emailing documents; and (10) logistical telephone calls with the clerk's office or the judge's chambers." *Jermaine G. v. Kijakazi*, No. CV GLS-21-2445, 2023 WL 5346140, at *5 (D. Md. Aug. 21, 2023).

[3] The Plaintiff seeks $252.50 in costs. The Plaintiff's request to recover $252.50 in costs is held-in-abeyance, pending the receipt of any renewed motion for attorneys' fees and costs.

4