## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| SHAQUAE MICHELLE HICKMAN,  ) | |
| ) | |
| Plaintiff,  ) | Civil Action No. 24-cv-00584-LKG |
| ) | |
| v.  ) | Dated:  July 1, 2026 |
| ) | |
| TRANS UNION LLC, *et al.*,  ) | |
| ) | |
| Defendants.  ) | |
| ) | |

## MEMORANDUM OPINION

### I.      INTRODUCTION

In this civil action, the Plaintiff, Shaquae Michelle Hickman, brought claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*, against the Defendants, Trans Union LLC ("Trans Union") and LVNV Funding LLC, arising from the inaccurate reporting her consumer credit information.  ECF No. 1.  On September 11, 2025, the Plaintiff filed a supplemental motion for attorneys' fees and a memorandum in support thereof.  ECF Nos. 49 and 49-1.  The motion is fully briefed.  ECF Nos. 49, 51 and 54.  No hearing is necessary to resolve the motion.  L.R. 105.6 (D. Md. 2025).  For the reasons that follow, the Court **GRANTS-in-PART** and **DENIES-in-PART** the Plaintiff's supplemental motion for attorneys' fees (ECF No. 49) and (2) **AWARDS** the Plaintiff attorneys' fees in the amount of **$24,080.00** and costs in the amount of **$252.50**.

### II.      BACKGROUND

In this civil action, the Plaintiff, brought claims under the FCRA against, among others, Trans Union, arising from the inaccurate reporting her consumer credit information.  ECF No. 1.  After the Plaintiff accepted Trans Union's Offer of Judgment, pursuant to Fed. R. Civ. P. 68, the Court entered an Amended Judgment in favor of the Plaintiff against Trans Union in the amount of $60,000.00, plus reasonable attorneys' fees and costs, to be determined by the Court.  ECF No. 36.

Thereafter, the Plaintiff filed a motion to recover her reasonable  attorneys' fees and costs.  ECF No. 37.  On August 19, 2025, the Court issued a Memorandum Opinion and Order

(the "August 19, 2025, Decision") that held, among other things, that: (1) counsel for the Plaintiff's requested hourly rates appear to be reasonable; (2) the Plaintiff is not entitled to recover certain attorneys' fees and costs that accrued after the date of the Offer of Judgment; (3) the Plaintiff improperly seeks to recover attorneys' fees for purely administrative tasks; and (4) the Plaintiff failed to provide sufficient information in support of certain billing entries that are either duplicative or lack sufficient detail.[1]  *Id.* at 3–4.  And so, the Court denied the Plaintiff's motion for attorneys' fee without prejudice and directed the Plaintiff to file a renewed motion for attorneys' fees consistent with the August 19, 2025, Decision.  *See id.* at 4.

On September 11, 2025, the Plaintiff filed a supplemental motion for attorneys' fees, seeking to recover $32,665.00 in attorneys' fees and $252.50 in costs from Trans Union.  ECF No. 49.  On September 25, 2025, Trans Union filed a response in opposition to the motion.  ECF No. 51.  On October 23, 2025, the Plaintiff filed a reply brief.  ECF No. 54.

III.  **LEGAL STANDARDS**

The United States Court of Appeals for the Fourth Circuit has held that the burden is on the fee applicant to produce evidence establishing the reasonableness of their hourly rate and the reasonableness of their requested hours.  *McAfee v. Boczar*, 738 F.3d 81, 91 (4th Cir. 2013), *as amended* (Jan. 23, 2014); *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 244 (4th Cir. 2009) (citation omitted); *see also Marsh v. Bottoms Up Gentlemen's Club, LLC*, No. 23-1157, 2025 WL 2049980, at *8 (D. Md. July 22, 2025) (citation omitted).  In this regard, the  Fourth Circuit has also held that the "proper calculation of an attorney's fee award involves a three-step process."  *McAfee*, 738 F.3d at 88.  "First, the court must 'determine the lodestar figure by

---

[1] Specifically, the Court identified the following deficiencies in the Plaintiff's motion:

1. The Plaintiff sought $5,760.00 in attorneys' fees that appeared to have accrued after she accepted the Offer of Judgment on November 8, 2024, to which she is not entitled (*see* ECF No. 47 at 3);
2. The Plaintiff sought $832.00 in attorneys' fees for tasks that are, at least in part, administrative, which are not recoverable (*see id.* at 4);
3. Certain time entries appeared to be duplicative, and certain other billing entries lacked sufficient detail for the Court to determine whether the requested fees are reasonable and recoverable (*see id.*); and
4. The Plaintiff's fee statement did not comply with Appendix B of the Court's Local Rules, which requires that fee applications be supported by time records organized by litigation phase (*see id.*).

multiplying the number of reasonable hours expended times a reasonable rate.'" *Id.* (quoting *Robinson v. Equifax Info. Servs.*, LLC, 560 F.3d 235, 243 (4th Cir. 2009)).  To determine what is reasonable in terms of the hours expended by counsel and the hourly rate charged, the Court considers the following 12 factors set forth in *Johnson v. Ga. Highway Express Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), and adopted by the Fourth Circuit in *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978):

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorney's fees awards in similar cases.

*Robinson*, 560 F.3d at 243–244 (quoting *Barber*, 577 F.2d at 226 n.28).  But the Court is not required to analyze each of these factors individually, or to examine every factor.  *Martin v. Mecklenburg Cnty.*, 151 F. App'x 275, 283 (4th Cir. 2005).  And so, once the lodestar figure is calculated, the Court "subtract[s] fees for hours spent on unsuccessful claims unrelated to successful ones" and awards "some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff."  *Robinson*, 560 F.3d at 243–44 (internal quotation marks omitted).

Lastly, a prevailing party may also seek to recover costs, and such costs may include "those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services."  *Spell v. McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988).  And so, this Court has held that the cost of service of process, filing fees and attorney admission costs are reimbursable.  *Butler v. PP&G, Inc.*, No. 20-3084, 2023 WL 6517593, at *4 (D. Md. Oct. 5, 2023).

## IV.   ANALYSIS

### A.   The Requested Hourly Rates Are Reasonable

As an initial matter, the Court is satisfied that the Plaintiff's requested hourly rates for her attorneys and paralegals are reasonable.  In her supplemental motion for attorneys' fees, the

Plaintiff seeks to recover $32,665.00 in attorneys' fees, for approximately 76.5 hours of attorney and paralegal work on this case, related to Defendant Trans Union.  ECF No. 49 at 8.  As the Court previously held, the Plaintiff's requested hourly rates are reasonable, because these rates align with the Consumer Law Attorney Fee Survey Report for 2017–2018, as adjusted for inflation using the Consumer Price Index.  ECF No. 47 at 3; *see Sullivan v. Sullivan*, 958 F.2d 574, 578 n.6 (4th Cir. 1992).  The requested hourly rates for the paralegals who worked on this matter also appear to be reasonable.  Notably, counsel for the Plaintiff represent to the Court that this requested hourly rate is supported by the local market rates set forth in the Fee Survey, an independent publication that gathers and organizes the market rates charged by both attorneys and legal staff in all 50 states.  ECF No. 39-2.

A comparison of the requested hourly rates for the Plaintiff's attorneys to the relevant hourly rates set forth in the Fitzpatrick Matrix also confirms the reasonableness of these rates. Notably, all but one of the requested hourly rates fall at, or below, the applicable Fitzpatrick Matrix rates.[2]  And so, the Plaintiff has shown that the requested hourly rates in this case are reasonable.

### B.    The Court Reduces The Plaintiff's Requested Attorneys' Fees

While the Plaintiff's hourly rates are reasonable, the Court must reduce the amount of the attorneys' fees sought in this matter, because the Plaintiff improperly seeks to recover attorneys' fees for work performed after the date of the Offer of Judgment in this case.  As the Court held in the August 19, 2025, Decision, "the Plaintiff seeks, but is not entitled to, certain attorneys' fees and costs that accrued after the date of the Offer of Judgment in this case."  ECF No. 47 at 3 (citing *Grissom v. Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008)).  The Court reads the plain text of the Offer of Judgment to disallow the recovery of  such fees. ECF No. 49 at 5 (Offer of Judgment providing that "Judgment shall be entered against Trans Union on the amount of Sixty

---

[2] The requested hourly rates for James Ristvedt, Esq. ($450.00 per hour in 2024 and $550.00 per hour in 2025) fall below the relevant Fitzpatrick Matrix rates for those years.  *See* ECF Nos. 39-3 and 49-1.  The requested hourly rate for Levi Eidelman, Esq. ($500.00 per hour in 2024) also falls below the relevant Fitzpatrick Matrix rate.  *See* ECF Nos. 39-4 and 49-1.  In addition, the requested hourly rates for Mehak Rizvi, Esq. ($375.00 per hour in 2024 and 2025) Kendra Penningroth, Esq. ($425.00 per hour in 2024), Isabella Ruggeri, Esq. ($350.00 per hour in 2024), and Michael Yancey III, Esq. ($500.00 per hour in 2025) all fall below the relevant Fitzpatrick Matrix hourly rates.  *See* ECF Nos. 39-5, 39-7, 39-8, 39-9 and 49-1.  Lastly, the requested hourly rate for David Chami, Esq. ($725.00 per hour in 2024) is slightly above the relevant rate in the Fitzpatrick Matrix ($722.00 per hour).  *See* ECF Nos. 39-6 and 49-1.

4

Thousand and 00/100 Dollars ($60,000.00) plus reasonable attorneys' fees and costs incurred by Plaintiff as to the claims against Trans Union prior to the date of this Offer of Judgment"). And so, the Court will **REDUCE** the award of attorneys' fees in this case by **$8,235.00**, to reflect the amount of attorneys' fee incurred during the Post-Acceptance Phase of this case. ECF No. 49-1 at 8–9 (showing entries dated March 3, 2025, March 17, 2025, April 6, 2025, and April 7, 2025, totaling 15.7 hours and $8,235.00).

The Court also agrees with Trans Union that the Plaintiff is not entitled to recover attorneys' fees in the amount of $450.00, for the filing fee remitted for the post hac vice application of James Ristvedt, Esq., and that the recoverable amount for this fee should be $100.00. And so, the Court also **REDUCES** the Plaintiff's requested attorneys' fees by **$350.00** for this reason.

With regards to the remainder of the Plaintiff's request for attorneys' fees, the Court is satisfied that the concerns raised in the August 19, 2025, Decision have been adequately addressed by the Plaintiff. First, the Plaintiff has withdrawn her request to recover attorneys' fees in the amount of $832.00 for certain purely administrative tasks. ECF No. 47 at 3–4; ECF No. 49 at 6–7. And so, the Court is satisfied that all purely administrative tasks have been excised from the Plaintiff's revised fee request.

Second, the Plaintiff has also removed several duplicative billings in her fee request (ECF Nos. 47 at 4 and 49 at 7) and she has adequately explained that certain other billing entries that are of concern to Trans Union are not duplicative billings. ECF No. 54 at 6–7. And so, the Court will allow the Plaintiff to recover the attorneys' fees incurred in connection with this work.

The Plaintiff has also cured the deficiencies identified by the Court with regards to certain billing entries that lacked sufficient detail. ECF No. 47 at 4. Notably, the Plaintiff has supplemented these billing entries with additional information to explain the work performed on those matters. ECF No. 49 at 8. Given this, the Court is satisfied that the Plaintiff's revised fee request provides sufficient detail for the billing entries at issue. *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12 (1983) (counsel "is not required to record in great detail how each minute of his time was expended," but "should identify the general subject matter of his time expenditures"). And so, the Court will also allow the Plaintiff to recover these fees.

### C. The Remaining Attorneys' Fees Are Reasonable

The Court is satisfied that the requested attorneys' fees, with the exceptions noted above, are reasonable under the applicable *Johnson-Barber* factors.  To determine what is reasonable in terms of the hours expended by counsel in this case and the hourly rate charged, the Court considers:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorney's fees awards in similar cases.

*Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243–44 (4th Cir. 2009) (quoting *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978)).

Here, the Plaintiff has shown that the time and labor expended on this matter as to Trans Union was reasonable.  The Plaintiff commenced this litigation on February 27, 2024, and the parties litigated the case for 11 months.  ECF Nos. 1 and 36.  The Plaintiff explains that, during that period of time, her attorneys' work on this case included a pre-litigation investigation, preparing and filing this lawsuit, conducting discovery on Trans Union and certain third parties, and engaging in settlement negotiations.  ECF No. 39 at 5.

While this FCRA case was not necessarily a novel one, the Plaintiff also explains that the case did present certain challenges for her counsel, because the documents produced by Trans Union indicated that, rather than a "mixed file," the Plaintiff appeared to have been the victim of a "merged file."  *Id.* at 6–7.  In addition, as discussed above, the Plaintiff represents to the Court that the requested hourly rates in this case "are commensurate with those rates customarily charged in the state of Maryland for federal litigation of consumer law issues as shown by the United States Consumer Law Attorney Fee Survey Report (2017–2018)," as adjusted for inflation and that the requested attorneys' fees are consistent with attorneys' fee awards in similar cases.  *Id.* at 9.

6

The Court also observes that the seven attorneys for the Plaintiff in this case have experience litigating FCRA and other consumer law matters.  Notably, James Ristvedt, Esq. has been a licensed attorney for approximately five years, and Mr. Ristvedt is the Managing Attorney & Trial Counsel for Consumer Justice Law Firm, one of the largest national consumer advocacy firms in United States.  ECF Nos. 39 at 10 and 39-3.  Levi Eidelman, Esq. has been a practicing attorney for approximately five years with a primary focus in handling consumer related matters.  ECF Nos. 39 at 10–11 and 39-4.

Mehak Rizvi, Esq. has been a practicing attorney for approximately 2.5 years with a primary focus in consumer related matters and David Chami, Esq. has been a practicing attorney for approximately fifteen years, with experience in consumer protection litigation.  ECF Nos. 39 at 11, 39-5 and 39-6.  Kendra Penningroth, Esq. has been a practicing attorney for three years, and she previously worked on cases involving the Telephone Consumer Protection Act, the Fair Credit Reporting Act, and the Fair Debt Collection Practices Act; Isabella Ruggeri, Esq. has been a practicing attorney for two years and she has also worked on cases involving the Fair Credit Reporting Act and the Fair Debt Collection Practices Act; and Michael Yancey III, Esq. has been a practicing attorney for more than three years, with a primary focus in consumer-related matters.  ECF No. 39 at 11–13; ECF No. 39-7; ECF No. 39-8; ECF No. 39-9.

Lastly, the Plaintiff's attorneys represent to the Court that their fees in this matter were wholly contingent upon the outcome of this case and that the amount of the Judgment entered in the Plaintiff's favor in this case exceeds the provided statutory damages.  *See* ECF No. 39 at 13–14.  And so, Plaintiff's counsel argue that this settlement amount is a reflection of the success achieved in prosecuting the Plaintiff's claims.  *Id.*

Given this, the Court is satisfied that the requested attorneys' fees, with the exception of the two concerns stated above, are reasonable.  And so, the Court will GRANT-in-PART the and DENY-in-PART the Plaintiff's supplemental motion for attorneys' fees and AWARDS the Plaintiff attorneys' fees in the amount of **$24,080.00**.

### D.    The Plaintiff's Requested Costs Are Reasonable

As a final matter, the Court is satisfied that the Plaintiff's requested litigation costs in the amount of $252.50 are reasonable.  It is well-established that a prevailing party may recover costs for "those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services."  *Spell v. McDaniel*, 852

F.2d 762, 771 (4th Cir. 1988).  Here, the Plaintiff seeks to recover the costs for court filing fees and service-of-process expenses incurred in connection with the litigation of her claims against Trans Union.  Specifically, the Plaintiff seeks to recover one-half of the $405.00 court filing fee for this case ($202.50) and $50.00 for the portion of the service-of-process expense attributable to Trans Union, for a total of $252.50.  ECF No. 49-1 at 9.  The Plaintiff has shown that these reasonable expenses were incurred in connection with the litigation of this matter.  And so, the Court will also Court **AWARD** the Plaintiff costs in the amount of **$252.50**.

V.      **CONCLUSION**

In light of the foregoing, the Court:

(1) **GRANTS-in-PART** and **DENIES-in-PART** the Plaintiff's supplemental motion for attorneys' fees (ECF No. 49); and

(2) **AWARDS** the Plaintiff attorneys' fees in the amount of **$24,080.00** and costs in the amount of **$252.50** in costs.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

8